UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

UNITED INVESTORS LIFE
INSURANCE COMPANY,

    Plaintiff,

  v.

DONNA GRANT, individually and
as Administrator of the Estate
of George H. Grant, HELEN
FAUERBACH, JIM GRANT, KENNY
GRANT, BRANDON GRANT, and DOES
1 through 20, inclusive,

    Defendants.
_____/
DONNA GRANT, individually and as
Administrator of the Estate of
George H. Grant,

    Cross-Plaintiff,

  v.

UNITED INVESTORS LIFE INSURANCE
COMPANY, and DOES 1 through 100,
inclusive,

    Cross Defendants.

No. 2:05-CV-1716-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

///

The present action arose from a life insurance policy issued by Plaintiff United Investors Life Insurance Company ("United Investors") on the life of George Grant ("George"). George died on May 30, 2004, apparently by homicide. On June 15, 2004, George's wife Donna Grant ("Donna"), the primary beneficiary on George's policy, submitted a claim for policy benefits to United Investors along with George's death certificate. In order to protect itself from multiple potential claims, United Investors deposited the policy amount with the Court and brought a Complaint in Interpleader on August 25, 2005, requesting that the Court absolve it of any further liability with respect to the distribution of the funds.

On May 8, 2006, the Court granted United Investors' cross motion for summary judgment in interpleader, discharging United Investors of any responsibility in the distribution of the policy proceeds. As a result, the Court must now proceed to adjudicate any claims of potential beneficiaries to the interpled property.

Through the instant Motion, Donna has petitioned the Court to award her the full policy amount, a total of $518,616.44. For the reasons set forth below, Donna's Motion is denied.[1]

---

[1] Because the issues raised in this Motion are similar to those addressed by the Court's Order of May 8, 2006, the Court will incorporate by reference its Order of May 8, 2006, and will not reiterate the factual background or the legal standards on summary judgment.

The Court also notes that Donna has requested that it take judicial notice of certain court records. *See* Donna's Req. For Judicial Notice. The existence of those records will be so noticed pursuant to Federal Rule of Evidence 201(b).

**ANALYSIS**

Donna argues that she is entitled to the proceeds because there are no opposing parties representing adverse interests. In support, she points out that defaults have been entered against the other potential beneficiaries named as Defendants in United Investors' original Complaint.[2] (*See* Donna's Mot. Summ. J. 6:6-19.) As such, she claims that there are no other actual adverse claims on the interpled property at this time.

Entering defaults against the named Defendants, however, does not preclude them from raising claims in the future. The defaults have not been reduced to judgment, and no potential contingent beneficiary has expressly waived his or her right to the insurance proceeds. As Donna correctly notes, any of the defaulted Defendants could move for the default to be set aside and could assert a claim in the funds at stake. Just as the existence of viable potential claimants justified United Investors' decision to seek interpleader, *see* May 8, 2006, Order 13:8-17, so the presence of potential claimants militates against the Court awarding the proceeds to Donna at this time.[3]

///

---

[2] These Defendants include Helen Fauerbach, the named contingent beneficiary under the terms of the policy, George's son, Brandon Grant, and George's two brothers, Jim Grant and Kenny Grant.

[3] Donna fails to draw a parallel between her case and *Vanderlinden v. Metropolitan Life Insurance Co.*, 137 F. Supp. 2d 1160 (D. Neb. 2001). There is a crucial distinction between claimants who have not yet asserted their claims and claimants, as in *Vanderlinden*, who expressly disclaim their interests in the property. The former retain viable future claims, while the latter do not.

1      Even if the possibility of other potential claimants
2 emerging is so remote that the Court might effectively ignore it,
3 an actual claimant must establish his entitlement to the property
4 in question; judgment will not be given in favor of a single
5 remaining plaintiff by default. *Midland Ins. Co. v. Friedgood*,
6 577 F. Supp. 1407, 1411 (S.D.N.Y. 1984).  To support her claim,
7 Donna relies on the plain text of the insurance policy, which
8 designates her as the primary beneficiary upon George's death.
9 She also asserts that there is no evidence in the Court's record
10 that she was responsible for the death of George.  Moreover, she
11 notes that she has never been arrested or charged in connection
12 with the homicide.  Therefore, according to Donna, she has a
13 "prima facie" entitlement to the benefits that has not been
14 rebutted. (Donna's Mot. Summ. J. 7:11.)

15      Donna's contention is incorrect as a matter of law.  The
16 standard for summary judgment is not whether the moving party has
17 made a "prima facie" case.  Instead, summary judgment must
18 necessarily determine whether there is any "genuine issue of
19 material fact" that cannot be decided as a matter of law.  Fed.
20 R. Civ. P. 56.  The existence of other potential claimants,
21 combined with the circumstances of the case, creates enough
22 factual uncertainty that the Court cannot as a matter of law
23 award the proceeds to Donna.  Even though no other claims have
24 been made on the insurance proceeds, that could change if it is
25 found that Donna was involved in the murder of George.  Although
26 there is no evidence before the Court implicating Donna in
27 George's murder, the case investigators have not "cleared her as
28 a suspect."  (Donna's Mot. Summ. J. 7:7-8.)

In addition, the unusual circumstances of the case "do not bode well for any routine exoneration on Donna's part as a suspect." *See* May 8, 2006 Order 10:14-25.

If Donna was involved in George's murder, then she cannot recover the insurance money.  In the May 8, 2006, Order, this Court found that California Probate Code Section 252, which forbids a beneficiary from collecting on a life insurance policy when the beneficiary was involved in the murder, was implicit in every life insurance policy; therefore, United Investors had a bona fide concern of multiple liability if it was to pay Donna and she was subsequently found responsible for George's death. *See* May 8, 2006, Order 9-11.  The Court's logic is also germane to the distribution of interpled funds.  In finding Section 252 implicit in every policy, the Court validated the broader principle of preventing someone from profiting from his or her wrong.  The Court still finds this concern soundly mandated by public policy, and, in light of Section 252, declines to award the insurance proceeds to a potential suspect at this time.

//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

In the context of a summary judgment motion, the Court cannot say as a matter of law that there is only one valid claimant for the funds; multiple potential claimants exist as well. Even if Donna was the only possible claimant, her own claim is so clouded with uncertainty at this time that the Court cannot say as a matter of law that it is valid, especially in light of the Court's earlier findings with regard to Probate Code Section 252. Donna's Motion for Summary Judgment is accordingly denied.[4]

IT IS SO ORDERED.

DATED: August 8, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).