1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED INVESTORS LIFE                 No. 2:05-cv-1716-MCE-DAD
     INSURANCE COMPANY,
12
              Plaintiff,
13
         v.                                ORDER
14
     DONNA GRANT, individually and
15   as Administrator of the Estate
     of George H. Grant, HELEN
16   FAUERBACH, JIM GRANT, KENNY
     GRANT, BRANDON GRANT, and DOES
17   1 through 20, inclusive,

18            Defendants.

19   _____/

20   DONNA GRANT, individually and as
     Administrator of the Estate of
21   George H. Grant,

22            Cross-Plaintiff,

23       v.

24   UNITED INVESTORS LIFE INSURANCE
     COMPANY, and DOES 1 through 100,
25   inclusive,

26            Cross Defendants.

27                          ----oo0oo----

28   ///

                                    1

1       This action arises from a life insurance policy issued by

2  Plaintiff United Investors life Insurance Company ("United

3  Investors") on the life of George Grant ("George").  Following

4  George's death as a result of an apparent homicide, his wife,

5  Donna Grant ("Donna"), as the primary beneficiary on the United

6  Investors policy, submitted a claim to United Investors for the

7  policy benefits.  On August 25, 2005, more than fourteen months

8  after that claim was submitted, United Investors filed a

9  Complaint in Interpleader under Federal Rule of Civil Procedure

10  22 and deposited the face amount of the policy, plus interest

11  (for a total of $518,616.44) with the Clerk of this Court.

12  According to the Complaint, the interpleader action was brought

13  because the Solano County Sheriff's Department, in investigating

14  George's death, had not ruled out anyone, including Donna, as a

15  suspect in the homicide.  (Complaint, ¶ 14).[1]  Because California

16  Probate Code § 252 prohibits a beneficiary involved in a murder

17  from collecting on a policy insuring the life of the murder

18  victim, United Investors cited a bona fide concern of multiple

19  liability justifying interpleader if it were to pay Donna while

20  she remained a suspect.

21  ///

22  ///

23  ///

24

---

25       [1]According to a Motion to Quash Deposition Subpoena filed by
Solano County in this matter on December 1, 2006, the homicide
26  investigation into George's death remains open and active, and
Donna still has not been eliminated as a suspect.  (Motion to
27  Quash, 2:28-3:1).  Judicial Notice of that Motion to Quash, along
with other filings in this case, is unopposed and is hereby
28  granted.

1  United Investors' concern in this regard was grounded upon the
2  possibility that if it paid Donna, and if she later were found to
3  be responsible for George's death, other claimants could step
4  forward and claim that they should have been paid instead of
5  Donna, thereby raising the specter of having to pay the same
6  claim twice.

7       Donna responded to the Complaint in Interpleader by filing
8  her own Cross-Complaint against United Investors, alleging that
9  it willfully delayed paying the benefits to her under the United
10 Investors policy.  By Memorandum and Order dated May 8, 2006,
11 this Court granted United Investors' request for judgment in
12 interpleader, thereby absolving United Investors of any further
13 liability with respect to distribution of the policy proceeds
14 deposited with the Court on grounds that the threat of multiple
15 liability and competing claims did indeed exist.  At the same
16 time, however, the Court denied United Investors' concurrently-
17 filed request for summary judgment as to Donna's Cross-Complaint
18 on grounds that whether or not United Investors was reasonable in
19 waiting fourteen months before instituting interpleader
20 proceedings presented a factual issue not amenable to disposition
21 as a matter of law.

22      Through the present Motion for Summary Judgment, United
23 Investors in essence asks the Court to revisit that ruling, and
24 cites case law outside of California in arguing that its decision
25 to file an interpleader action cannot subject it to liability
26 sounding in either contract or tort.  It is nonetheless well
27 settled that in a diversity action like this one the Court must
28 follow the law of the forum state, here California.

3

Moreover, despite United Investors' apparent contention to the contrary, it is equally clear that Donna's Cross-Complaint initially survived scrutiny on summary judgment not because of any impropriety in National Investors' resort to interpleader itself, but rather because of the factual issues implicit in determining whether its claim handling <u>before</u> that filing was reasonable.  (May 8, 2006 Memorandum and Order, 16:8-26).[2]  As the Court previously stated, under California law an unreasonable delay in paying a covered claim may support a claim both for breach of contract and breach of the implied covenant of good faith and fair dealing.  <u>See</u> <u>Austero v. Nat'l Cas. Co.</u>, 84 Cal. App. 3d 1, 26, 29-30 (1978); <u>Amadeo v. Principal Mut. Life Ins. Co.</u>, 290 F.3d 1152, 1162 (9th Cir. 2002) (insured may be liable for bad faith if it is "arbitrary or unreasonable" in withholding benefits under its policy).  Here, it is uncontroverted that United Investors claims personnel waited more than a year before forwarding Donna's life insurance claim to its legal department to assess whether the claim should be paid pursuant to an action in interpleader.  Even Denise Oliver, who was in charge of supervising the handling of the claim for United Investors, admitted that such a delay was "unusual", and that normally a claim like Donna's, where she was not cleared of responsibility for her husband's demise, would have been referred to legal within ninety days.

---

[2]Because the May 8, 2006 Order already contains a general discussion of the facts underlying this matter, as well as a recitation of the legal standard applicable to consideration of a motion for summary judgment, it is not necessary to discuss either the facts or the law governing summary judgment at this juncture.

(Denise Oliver Depo., 50:6-23; 52:19-25; 144:1-14).[3]  In addition, it is also undisputed that United Investors did no investigation of their own to help determine Donna's involvement, if any, in George's death prior to interpleading the policy proceeds some fourteen months after the claim was initially submitted.

These circumstances all present triable issues of fact with respect to the reasonableness of United Investors' claims handling that make this case not amenable to disposition on summary judgment.[4]  While United Investors does cite several cases which found no duty to interplead on an insurer's part in cases of potential beneficiary involvement, even with the passage of more time that elapsed here before United Investors deposited its funds, all of those cases come from outside California and are consequently not binding on this Court.[5]

---

[3]At the request of the Court, Donna electronically lodged a complete transcript of the depositions of both Donna Oliver and Joyce Flowers on January 25, 2007.

[4]While United Investors renews its objections to the Declaration of Clinton Miller previously submitted in opposition to United Investors' earlier summary judgment request, again it is not necessary to rule upon those objections inasmuch as the Court did not rely upon the Miller Declaration in ruling upon the instant motion.

[5]See, e.g., Benefit Trust Life Ins. Co. v. Union Nat'l Bank of Pittsburgh, 776 F.2d 1174 (3d Cir. 1985) (no duty to interplead where insurer held life insurance proceeds for six years pending investigation and trial of insured's wife for murder); Monumental Life Ins. Co. v. Lyons-Neder, 140 F. Supp. 2d 1265 (M.D. Ala. 2001) (summary judgment granted on breach of contract and bad faith claims where no interpleader action filed for nearly a year after receipt of claim by potential beneficiary); Doe v. Am. Gen'l Life Ins Co., 526 N.Y.S.2d 904 (N.Y. Sup. 1988) (withholding of policy proceeds for three years not unreasonable pending murder investigation).

1   As stated above, California law indicates that dilatory claims

2   handling, and failing to pursue resolution of a claim with

3   reasonable diligence, may sound in both tort and contract.

4   Austero, 84 Cal. App. 3d 1, 26, 29-30;[6] see also Fleming v.

5   Safeco Ins. Co. Inc., 160 Cal. App. 3d 31, 37 (1984); Gruenberg

6   v. Aetna Ins. Co., 9 Cal. 3d 566, 574 (1973).  Given that general

7   statement of California law, as well as the fact that a delay in

8   initiating interpleader has not been squarely addressed under

9   California law, this Court cannot say as a matter of law that

10  United Investors' delay in initiating interpleader proceedings is

11  not potentially actionable.[7]  Significantly, too, even the non-

12  California cases cited by United Investors may be

13  distinguishable.  In Monumental Life, unlike the present matter,

14  the insurer had done investigation on its own during the period

15  of time preceding institution of its interpleader action.  140 F.

16  Supp. 2d at 1268.

17  ────────────────

18      [6]The Court notes that United Investors tries to distinguish
    Austero on grounds that it was limited to an unreasonable delay
19  in paying a "covered" claim, arguing that the present claim in
    not "covered" because Donna cannot establish her entitlement to
20  the policy proceeds at this time.  That distinction lacks merit,
    however, inasmuch as it is undisputed that United Investors owes
21  its policy proceeds to someone and hence is faced with a
    "covered" claim.  The fact that Donna's claim remains problematic
22  does not alter the fact that United Investors has a covered,
    payable loss following George's death.
23

24      [7]While United Investors cites Chateau Chamberay Homeowner's
    Ass'n v. Assoc. Int'l Ins. Co., 90 Cal. App. 4th 335, 346-47
25  (2001) in favor of a conclusion to the contrary, that case holds
    that where there is a genuine issue as to the insurer's
26  liability, there can be no bad faith liability on the part of the
    insured for not paying the claim.  Here, however, it is
27  undisputed that United Investors was obligated to pay the claim,
    the only question was to whom.  United Investors hence cannot
28  rely upon Chateau Chamberay to avoid the general proposition that
    delay in paying an admittedly payable claim may be actionable.

1   In <u>Benefit Trust</u>, while the court found no mandatory duty to

2   resort to interpleader interpleader, it nonetheless noted that a

3   dissatisfied beneficiary still had the option of suing for breach

4   of contract as Donna has done here.   776 F.2d at 1177.

5        United Investors' claim that Donna has not identified any

6   damages, even if she can identify a breach, is similarly

7   unavailing.   According to United Investors, Donna cannot have

8   been damaged by any delay on its part given the fact that she

9   currently remains unable to establish her entitlement to the

10  interpled funds.   That does not rule out the possibility that

11  this entire process could have concluded sooner had interpleader

12  proceedings been instituted earlier, thereby obviating Donna's

13  claimed financial distress and damages flowing therefrom.

14  Donna's claimed damages present classic questions of fact

15  inappropriate for resolution on summary judgment.

16       For all these reasons the Court declines to enter summary

17  judgment as to Donna's breach of contract and breach of the

18  covenant of good faith and fair dealing claims.   With respect to

19  Donna's causes of action for intentional and negligent infliction

20  of emotional distress, however, the Court agrees that Donna has

21  not stated cognizable claims.

22       Intentional infliction of emotional distress requires a

23  plaintiff to identify "outrageous" acts that are "so extreme as

24  to exceed all the bounds of that usually tolerated in a civilized

25  society."   <u>Schlauch v. Hartford Acc. & Indem. Co.</u>, 146 Cal. App.

26  3d 926, 936 (1983).   Donna has identified no facts even arguably

27  sufficient to satisfy that high standard.

28  ///

1    Even if United Investors did delay the processing of Donna's
2    claim so as to expose it to contractual and tortious breaches as
3    discussed above, the fact remains that it did so in the face of
4    an ongoing homicide investigation.   Under those circumstances,
5    United Investors' claims handling cannot possibly be deemed so
6    "outrageous" and beyond the scope of socially tolerated behavior
7    so as to lay the foundation for a claim of intentional infliction
8    of emotional distress.

9        Donna also has not stated a viable claim for negligent
10   infliction of emotional distress.   First of all, there is no
11   independent tort of negligent infliction of emotional distress;
12   instead the claim is for negligence that may under limited
13   circumstances give rise to emotional distress damages ordinarily
14   unavailable in standard negligence proceedings.   Potter v.
15   Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984-85 (1993).
16   Those circumstances revolve around judicially recognized
17   instances where the defendant is deemed to have assumed a duty
18   related to the emotional condition of the claimant.   Id.   Such
19   instances include the so-called "innocent bystander" theory of
20   liability wherein a tortfeasor is charged with the foreseeability
21   of emotional distress to a close family member who directly
22   observes injury to a relative (see Dillon v. Legg, 68 Cal. 2d
23   728, 740 (1968)), as well as imputed responsibility under a
24   "direct victim" model wherein the probability of similar direct
25   injury is increased because of a preexisting relationship like
26   that between a doctor and patient.   See Marlene F. v. Affiliated
27   Psychiatric Medical Clinic, Inc., 48 Cal. 3d 583, 590 (1989).
28   ///

Donna has not established that her case fits within these narrow confines, and hence her claim for negligent infliction of emotional distress must fail.

Donna has similarly not demonstrated that this case qualifies for the potential imposition of punitive damages, which under California Civil Code § 3294(c) are reserved for instances where clearly and convincing evidence has been adduced which shows that defendant acted with "oppression, fraud or malice". The statute goes on to frame such behavior in terms of "despicable conduct" that must be "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." Mock v. Mich. Millers Mutual Ins. Co., 4 Cal. App. 4th 306, 331 (1992). Punitive damages go even beyond conduct amounting to a breach of the covenant of good faith and fair dealing in requiring additional evidence of an intent to injure the insured. See Beck v. State Farm Mutual Ins. Co., 54 Cal. App. 3d 347, 355-56 (1976). No such intent has been demonstrated here. Withholding payment of insurance policy proceeds during the pendency of a ongoing murder investigation, even if ultimately determined to be misguided, cannot satisfy this rigorous standard, especially since California law does not favor imposition of punitive damages in the first place. Id.

///

///

///

///

///

9

1        Nor is coverage by estoppel applicable to the present
2   proceedings, since Donna does not dispute United Investors'
3   characterization of her argument in favor of such estoppel as
4   hinging solely on the contention that United Investors must be
5   bound to its contractual promise to pay her as the beneficiary
6   under her husband's life insurance policy in the event of his
7   death.  Given the prohibitions of California Probate Code § 252,
8   which, as stated above, prohibits a beneficiary found responsible
9   for an individual's death from collecting insurance proceeds
10  payable on that person's life, Donna's estoppel claim is clearly
11  misplaced.

12       United Investor's last claim upon which summary adjudication
13  is requested rests with its allegation that because its conduct
14  in handling Donna's claim cannot be considered tortious, by
15  definition there was no bad faith conduct triggering entitlement
16  to attorney's fees expended in the face of that conduct in order
17  to recover benefits due under the policy.  In short, United
18  Investors argues that because its conduct was proper it cannot be
19  subject to attorney's fees under the doctrine enunciated in
20  Brandt v. Super. Ct., 37 Cal. 3d 813, 817-18 (1985), which
21  authorizes recoupment of attorney's fees necessary to recover
22  benefits wrongfully withheld.  Again, for the same reasons
23  delineated above, the reasonableness of United Investors' conduct
24  in the face of Donna's claim, and the corresponding necessity of
25  attorney's fees in the fact of that conduct, all involve the
26  weighing of factual matters not appropriate for disposition on
27  summary judgment.
28  ///

1    Based on the foregoing, United Investors' request for

2  summary judgment as to Donna's Cross-Complaint in its entirety is

3  hereby denied.  Summary adjudication is granted with respect to

4  Donna's claims for intentional infliction of emotional distress,

5  negligent infliction of emotional distress, coverage by estoppel

6  and punitive damages but is otherwise denied.[8]

7    IT IS SO ORDERED.

8
   Dated: February 14, 2007

9

10

11    MORRISON C. ENGLAND, JR.
      UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
_____

27    [8]Because oral argument will not be of material assistance,
   the Court orders this matter submitted on the briefs.  E.D. Cal.
28 Local Rule 78-230(h).

                              11