UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED INVESTORS LIFE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>DONNA GRANT, individually and as Administrator of the Estate of George H. Grant, HELEN FAUERBACH, JIM GRANT, KENNY GRANT, BRANDON GRANT, and DOES 1 through 20, inclusive,<br><br>      Defendants.<br>_____/<br>DONNA GRANT, individually and as Administrator of the Estate of George H. Grant,<br><br>      Cross-Plaintiff,<br><br>  v.<br><br>UNITED INVESTORS LIFE INSURANCE COMPANY, and DOES 1 through 100, inclusive,<br><br>      Cross Defendants. | No. 2:05-cv-01716-MCE-DAD<br><br>**ORDER DENYING MOTION FOR NEW TRIAL** |

----oo0oo----

1

1   Cross Defendant United Investors Life Insurance Company
2 ("United Investors") moves for a new trial, pursuant to Federal
3 Rule of Civil Procedure 59(a), following the jury's verdict in
4 favor of Cross Plaintiff Donna Grant ("Ms. Grant") on November 5,
5 2007, and judgment rendered in accordance with that verdict on
6 November 9, 2007.
7   United Investors makes several arguments.  It first argues
8 that the evidence, both with respect to its investigation of
9 Ms. Grant's claim and any causal link between the purported
10 deficiencies of that investigation and Ms. Grant's alleged
11 damages, did not support the jury's conclusion that United
12 Investors' delay in filing an interpleader action was a
13 substantial factor in causing harm to Ms. Grant.  Second, United
14 Investors also argues that Ms. Grant impermissibly changed her
15 theory of recovery from that previously identified during the
16 course of discovery and pre-trial preparation.  Third, United
17 Investors claims that the jury instructions as to causation were
18 inadequate.  Finally, United Investors urges the court to either
19 strike, or reduce as excessive by way of remittitur, the damages
20 awarded by the jury.
21   Under Rule 59(a), the Court may grant a new trial if "the
22 verdict is contrary to the clear weight of the evidence, or is
23 based upon evidence which is false, or to prevent, in the sound
24 discretion of the court, a miscarriage of justice." Silver Sage
25 Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 818-
26 819 (9th Cir. 2001) (citation omitted).  This stringent standard
27 can be met only if "it is quite clear that the jury has reached a
28 seriously erroneous result."

2

1 | Digidyne Corp. v. Data General Corp., 734 F.2d 1336, 1347 (9th
2 | Cir. 1984), see also Venegas v. Wagner, 831 F.2d 1514, 1519 (9th
3 | Cir. 1987).  It would amount to an abuse of discretion on the
4 | part of the court to grant a new trial on any lesser showing, and
5 | the court should not extend relief simply because it would have
6 | arrived at a different verdict.  Silver Sage Partners, LTD v.
7 | City of Desert Hot Springs, 251 F.3d at 818-19.
8 |     The Court cannot grant a new trial given these rigorous
9 | requirements.  In its view, there was sufficient evidence from
10 | which the jury could have reached its decision finding United
11 | Investors liable for damages claimed by Ms. Grant.  Contrary to
12 | United Investors' claim that the verdict was based on little more
13 | than argument and unsupported speculation, there was evidence
14 | that United Investors delayed in performing the investigation
15 | necessary to determine whether the policy proceeds payable as a
16 | result of George Grant's death should have been interpled, and
17 | that Ms. Grant as the named beneficiary under that policy
18 | suffered damages as a result.  Denise Oliver, who was in charge
19 | of supervising the claim on behalf of United Investors, testified
20 | that claims for which interpleader is necessary are ordinarily
21 | identified and referred to the company's legal department for
22 | filing within 90 days, far less than the 13 months it took here
23 | for the interpleader process to be commenced.  The jury
24 | determined this delay to be unreasonable, and the Court cannot
25 | conclude that its decision in that regard was seriously erroneous
26 | so as to justify a new trial.
27 | ///
28 | ///

1    In addition, the jury heard evidence from which it could
2 adduce that United Investors' delay caused Ms. Grant damage.
3 Ms. Grant testified that she would not have made certain
4 financial decisions had she been informed that the process for
5 adjudicating her entitlement to the insurance proceeds would be
6 so protracted.  She opined that she may have sold the family
7 business, Vallejo Glass, had she known sooner about United's
8 intentions with respect to interpleader.  She identified
9 substantial business losses and personal loans to keep the
10 business afloat during that period.  Ms. Grant's expert witness,
11 Richard Carl, totaled Ms. Grant's business losses at
12 approximately $266,000.00, and Ms. Grant herself testified that
13 she had to make personal advances of some $35,000.00 to keep
14 Vallejo Glass in operation.  Ms. Grant further testified that she
15 would not have bought an $850,000.00 house during the months
16 following her husband's death, and incurred some $50,000.00 in
17 connection with the purchase, had she been informed about any
18 delay in payment of the life insurance proceeds through
19 interpleader.  The alleged damages from these events alone
20 substantially exceeds the $265,000.00 in economic damages awarded
21 by the jury.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1    The Court is similarly unpersuaded by United Investors'
2 other arguments in support of its contention that a new trial is
3 warranted.  The Court properly instructed the jury that, in order
4 to establish a breach of United Investors' duty of good faith and
5 fair dealing in properly investigating her claim, Ms. Grant had
6 to show not only that United Investors unreasonably failed to
7 investigate and consequently unreasonably delayed the filing of
8 its interpleader action, but also that such unreasonable failure
9 to investigate/delay was a "substantial factor" in causing
10 Ms. Grant's alleged harm.  The instruction at issue, Jury
11 Instruction No. 20, is a pattern jury instruction derived from
12 the Judicial Council of California Civil Jury Instruction
13 ("CACI") No. 2332, and correctly instructed the jury as to
14 causation.

15    Also unavailing is United Investors' argument that Ms. Grant
16 relied on allegations at trial that were not properly disclosed
17 beforehand.  Her addendum to the [Proposed] Final Joint Pretrial
18 Conference Statement, filed July 23, 2007, provided the following
19 statement of her testimony, which is consistent to that actually
20 offered in trial:

> "Ms. Grant will testify about her husband's death and her efforts to obtain the policy proceeds.  She will testify about how the defendant's dilatory claims handling practices and the failure to accurately and reliably inform her about the status of her claim affected her business decisions and decisions to buy and sell property.....

25 Id. at 3-4.

26    Finally, the Court rejects the argument that Ms. Grant's
27 damage award was excessive given the evidence adduced at trial.
28 ///

5

Based on the foregoing, United Investors' Motion for a New Trial is DENIED.

IT IS SO ORDERED.

Dated: September 25, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE