UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED INVESTORS LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  v.<br><br>DONNA GRANT, individually and as Administrator of the Estate of George H. Grant, HELEN FAUERBACH, JIM GRANT, KENNY GRANT, BRANDON GRANT, and DOES 1 through 20, inclusive,<br><br>    Defendants.<br>_____/<br>DONNA GRANT, individually and as Administrator of the Estate of George H. Grant,<br><br>    Cross-Plaintiff,<br><br>  v.<br><br>UNITED INVESTORS LIFE INSURANCE COMPANY, and DOES 1 through 100, inclusive,<br><br>    Cross Defendants. | No. 2:05-cv-1716-MCE-DAD<br><br>**ORDER DENYING RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW** |

----oo0oo----

1

Cross Defendant United Investors Life Insurance Company ("United Investors") moves for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(b), following the jury's verdict in favor of Cross Plaintiff Donna Grant ("Ms. Grant") on November 5, 2007, and judgment rendered in accordance with that verdict on November 9, 2007.  United Investors argues that the evidence, both with respect to its investigation of Ms. Grant's claim and any causal link between the purported deficiencies of that investigation and Ms. Grant's alleged damages, did not support the jury's conclusion that United Investors' delay in filing an interpleader action was a substantial factor in causing harm to Ms. Grant.

Rule 50(b), by its terms, allows a party, after trial, to "renew" a motion for judgment as a matter of law "made at the close of all the evidence."[1]  A party cannot raise arguments in its post-trial Rule 50(b) motion that it did not raise beforehand in a Rule 50(a) motion offered during trial itself.  See Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003).  Like a pre-verdict motion for judgment as a matter of law under Rule 50(a), a post-verdict Rule 50(b) motion tests the sufficiency of the evidence offered in support of a party's claims.  Keenan v. Computer Assocs. Int'l, 13 F.3d 1266, 1268-69 (8th Cir. 1994).

///

///

---

[1] The record indicates here that United Investors made a pre-verdict Motion for Judgment as a Matter of Law at the close of Ms. Grant's case, thereby satisfying the prerequisite for bringing the present post-trial Motion.

2

1  Judgment as a matter of law is proper if "the evidence, construed
2  in the light most favorable to the nonmoving party, permits only
3  one reasonable conclusion, and that conclusion is contrary to
4  that of the jury." White v. Ford Motor Co., 312 F.3d 998, 1010
5  (9th Cir. 2002).  A motion for judgment as a matter of law should
6  be granted only if the facts and inferences point so strongly and
7  overwhelmingly in favor of one party that a decision in that
8  party's favor is mandated.  See Seven-Up Co. v. Coca-Cola Co., 86
9  F.3d 1379, 1387 (5th Cir. 1996).

10   Here, United Investors argues that Ms. Grant offered nothing
11 at trial beyond argument and unsupported speculation to support
12 her claim that a failure to investigate by United Investors
13 caused the damages she identified that, in turn, formed the basis
14 for the jury's verdict in her favor.  According to United
15 Investors, Ms. Grant failed to show that any such failure on its
16 part changed the ultimate fact that she did not receive the life
17 insurance policy proceeds, payable as a result of her husband's
18 death, until United's interpleader action was adjudicated.

19   United Investors parses its duty to investigate too
20 narrowly.  The issue is not just whether United Investors failed
21 to investigate the circumstances surrounding George Grant's
22 murder so that its policy proceeds could be paid to Ms. Grant if
23 she was cleared of any responsibility for her husband's death.
24 ///
25 ///
26 ///
27 ///
28 ///

Rather, United Investors' delay in doing the investigation necessary to make the determination whether the policy proceeds should in fact be interpled also provided a basis for Ms. Grant's damage claims, and it was that delay that ultimately underscored the jury's verdict.[2]  Although United Investors' legitimate concern about the potential of multiple liability made its decision to interplead the funds appropriate, and while that decision itself was not actionable, the jury decided that United's thirteen-month delay in investigating whether to interplead was unreasonable, and the jury did hear evidence from which it could adduce that United's delay in that regard caused Ms. Grant damage.

Ms. Grant testified that she would not have made certain financial decisions had she been informed that the process for adjudicating her entitlement to the insurance proceeds would be so protracted.  She opined that she may have sold the family business, Vallejo Glass, had she known sooner about United's intentions with respect to interpleader.  She identified substantial business losses and personal loans to keep the business afloat during that period.  Ms. Grant's expert witness, Richard Carl, totaled Ms. Grant's business loss in that regard at approximately $266,000.00, and Ms. Grant herself testified that she had to make personal advances of some $35,000.00 to keep Vallejo Glass in operation.

---

[2] In its response to Question No. 3 contained within its special verdict, the jury made a specific finding that United Investors' failure to properly investigate the claim delayed the filing of the interpleader action.  It is upon that finding that the jury's verdict rests.

4

1 Ms. Grant further testified that she would not have bought an
2 $850,000.00 house during the months following her husband's
3 death, and incurred some $50,000.00 in connection with the
4 purchase, had she been informed about any delay in payment of the
5 life insurance proceeds through interpleader.  The alleged
6 damages from these events alone substantially exceeds the
7 $265,000.00 in economic damages awarded by the jury.
8     Additionally, in the face of this evidence the jury also
9 heard testimony from United Investors' personnel that claims for
10 which interpleader is necessary are ordinarily identified and
11 referred to the company's legal department for filing within 90
12 days, far less than the 13 months it took here for the
13 interpleader process to be commenced.
14     Given the above evidence the Court cannot conclude, as it
15 must to grant judgment as a matter of law in favor of United
16 Investors, that only one reasonable conclusion was possible, with
17 that conclusion being contrary to the jury's verdict. <u>White v.</u>
18 <u>Ford Motor Co.</u>, 312 F.3d at 1010.  Instead, the Court must uphold
19 the verdict if it is supported by substantial evidence, which is
20 defined as evidence adequate to support the jury's conclusion
21 even if a different conclusion could have been drawn from the
22 same evidence. <u>Gilbrook v. City of Westminster</u>, 177 F.3d 839,
23 856 (9th Cir. 1999).
24 ///
25 ///
26 ///
27 ///
28 ///

Because the Court believes that there is substantial evidence to support the jury's verdict under the applicable standard as articulated by the Ninth Circuit, United Investors' Motion for Judgment as a Matter of Law is DENIED.

IT IS SO ORDERED.

Dated: September 26, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE